**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                  **Criminal Action No. 1:17CR27-3
(Judge Keeley)**

**BRITNEY JOYCE ROBINSON,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PRO SE
MOTION FOR RELIEF UNDER FIRST STEP ACT OF 2018 [DKT. NO. 173]**

On April 29, 2019, the defendant, Britney Joyce Robinson ("Robinson"), filed a pro se motion seeking relief under the First Step Act of 2018 (Dkt. No. 173). Because she is not entitled to relief under the First Step Act, the Court **DENIES** her motion (Dkt. No. 173).

## I. BACKGROUND

On May 2, 2017, a grand jury sitting in the Northern District of West Virginia returned a seventeen-count indictment, charging Robinson with conspiring to distribute cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 (Count One); maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) (Count Two); possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Fourteen); possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Fifteen); possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Sixteen); and

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PRO SE MOTION FOR RELIEF UNDER FIRST STEP ACT OF 2018 [DKT. NO. 173]**

possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Seventeen) (Dkt. No. 1). After the Court sentenced her to forty-one (41) months of incarceration, the United States Court of Appeals for the Fourth Circuit affirmed Robinson's conviction and sentence on January 7, 2019 (Dkt. No. 165).

On April 29, 2019, Robinson filed the instant pro se motion seeking relief under the First Step Act of 2018 (Dkt. No. 173). The Government did not respond to her motion.

## II. DISCUSSION

In her motion, Robinson asks the Court to direct the Federal Bureau of Prisons ("BOP") to place her in a halfway house for one year, citing the First Step Act of 2018 and the Second Chance Act of 2007. Id. Alternatively, she asks the Court to modify her sentence and impose a split sentence, allowing her to serve the remainder on home detention. Id. Both claims are unavailing.

As other courts have recognized, "[t]he First Step Act does not mandate that the BOP place prisoners in a halfway house or [a residential reentry center] for any period of time." Sheppard v. Quitana, No. 5: 19-084-DCR, 2019 WL 1103391, at *2 (E.D. Ky. Mar. 8, 2019); see also Rizzolo v. Puentes, No. 1:19-cv-00290-SKO (HC),

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PRO SE
MOTION FOR RELIEF UNDER FIRST STEP ACT OF 2018 [DKT. NO. 173]**

2019 WL 1229772, at *3 (E.D. Cal. Mar. 15, 2019) ("The Act does not mandate BOP place prisoners in a halfway house for six months or any other period."); Kornfeld v. Puentes, No. 1:19-cv-00263-JLT (HC), 2019 WL 1004578, at *3 (E.D. Cal. Mar. 1, 2019) ("However, the First Step Act does not mandate that the BOP place prisoners in a halfway house for six months or any other period."). "Under the current version of 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007, the BOP is authorized to *consider* placing an inmate in a community correctional facility for up to twelve months." Sheppard, 2019 WL 1103391, at *2 (emphasis in original).

"However, a prisoner is not automatically entitled or guaranteed such placement for any minimum period." Id. (citing 18 U.S.C. § 3624(c)). This eligibility determination is left to the sole discretion of the BOP, Rizzolo, 2019 WL 1229772, at *3, and is not subject to judicial review, Sheppard, 2019 WL 1103391, at *2 ("[T]he BOP's placement decisions, including determinations regarding halfway house and home confinement placement, are expressly insulated from judicial review . . . ."). In other words, this Court lacks the authority to direct the BOP to place an inmate in a halfway house. United States v. Johnson, No. 11-10204-01-JTM, 2019 WL 2501868, at *1 (D. Kan. June 17, 2019) ("[T]he court lacks

USA V. ROBINSON                                                    1:17CR27-3

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PRO SE
MOTION FOR RELIEF UNDER FIRST STEP ACT OF 2018 [DKT. NO. 173]**

the authority to issue any binding order upon the BOP with respect to an inmate's placement in a community corrections facility.").

Here, Robinson asks the Court to do just that (Dkt. No. 173). Because this Court lacks the authority to do so, she is not entitled to relief under the First Step Act of 2018 or the Second Chance Act of 2007. Moreover, the Court cannot amend Robinson's sentence to impose the requested split sentence because her request plainly does not fall into any of the exceptions outlined in 18 U.S.C. § 3582(c).

### III. CONCLUSION

For the reasons discussed, the Court **DENIES** Robinson's motion for relief under the First Step Act (Dkt. No. 173).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to Robinson by certified mail, return receipt requested, and to counsel of record by electronic means.

DATED: August 13, 2019

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
