**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v().**                              **Criminal Action No. 1:17CR27-3
(Judge Keeley)**

**BRITNEY JOYCE ROBINSON,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PRO SE
MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS [DKT. NO. 184]**

On August 26, 2019, the defendant, Britney Joyce Robinson ("Robinson"), filed a pro se motion for leave to appeal <u>in forma pauperis</u> (Dkt. No. 184). Because her appeal is not taken in "good faith," the Court **DENIES** her motion (Dkt. No. 184).

## I. BACKGROUND

On May 2, 2017, a grand jury sitting in the Northern District of West Virginia returned a seventeen-count indictment, charging Robinson with conspiring to distribute cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 (Count One); maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) (Count Two); possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Fourteen); possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Fifteen); possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Sixteen); and possession with intent to distribute cocaine hydrochloride, in

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PRO SE MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS [DKT. NO. 184]**

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Seventeen) (Dkt. No. 1). After the Court sentenced her to forty-one (41) months of incarceration, the United States Court of Appeals for the Fourth Circuit affirmed Robinson's conviction and sentence on January 7, 2019 (Dkt. No. 165).

On April 29, 2019, Robinson filed a pro se motion seeking relief under the First Step Act of 2018 (Dkt. No. 173). There, she asked the Court to direct the Federal Bureau of Prisons ("BOP") to place her in a halfway house for one year, citing the First Step Act of 2018 and the Second Chance Act of 2007. Id. Alternatively, she asked the Court to modify her sentence and impose a split sentence, allowing her to serve the remainder on home detention. Id.

On August 13, 2019, the Court denied Robinson's motion because it lacks the authority to direct the BOP to place her in a halfway house (Dkt. No. 181 at 2-4). Nor could it amend her sentence to impose the requested split sentence because her request plainly did not fall into any of the exceptions outlined in 18 U.S.C. § 3582(c). Id. at 4.

After filing her notice of appeal (Dkt. No. 183), Robinson filed the instant motion for leave to appeal in forma pauperis (Dkt. No. 184). Although the Government has not filed a response,

the motion is ripe for disposition.

## II. DISCUSSION

In her motion, Robinson asks the Court for leave to appeal in forma pauperis because she is indigent and only has $80.00 in her inmate trust account. Id.

Under Federal Rule of Appellate Procedure 24(a)(3)(A), "[a] party . . . who was determined to be financially unable to obtain an adequate defense in a criminal case[] may proceed on appeal in forma pauperis without further authorization, unless . . . the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith . . . ." Because Robinson qualified for court-appointed counsel in her criminal case (Dkt. No. 16), she may appeal in forma pauperis unless the Court certifies that her "appeal is not taken in good faith . . . ." Fed. R. App. P. 24(a)(3)(A).

"Good faith in this context means that the issues on appeal are not frivolous." Linden v. Harper & Row Inc., 467 F. Supp. 556, 558 (S.D.N.Y. 1979) (citing Coppedge v. United States, 369 U.S. 438, 445 (1962)). Thus, "[t]he Court's inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Jones v. Frank, 622 F. Supp. 1119, 1120 (W.D. Tex. 1985) (quoting Anders v. California, 386 U.S. 738,

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PRO SE
MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS [DKT. NO. 184]**

744 (1967)). "In other words, the existence of any non-frivolous or colorable issue on appeal will compel the Court to grant [Robinson's] [m]otion." Id. (citing Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983)).

In her notice of appeal, Robinson contends that this Court erred by denying her motion for relief under the First Step Act of 2018 because the First Step Act amended 18 U.S.C. § 3624(c) and these amendments went into effect on July 19, 2019 (Dkt. No. 183 at 2).[1] She further contends that the cases cited by the Court's August 13, 2019 Memorandum Opinion and Order denying her motion are distinguishable because they were decided before the amendment to § 3624(c) took effect on July 19, 2019. Id. at 3. In support, she cites Brown v. Warden of FCI Williamsburg, No. 8:19-cv-00546-HMH-JDA, 2019 WL 1780747 (D.S.C. Mar. 25, 2019). Id. Each argument is without merit.

Although the First Step Act amended 18 U.S.C. § 3624(c), the effect of these amendments was not delayed until July 19, 2019. Section 402 of the First Step amended § 3624(c) by adding the following: "The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home

---

[1] Robinson's notice of appeal does not challenge the Court's conclusion that it lacks the authority to amend her sentence under 18 U.S.C. § 3582(c) (Dkt. No. 183).

confinement for the maximum amount of time permitted under this paragraph." Pub. L. No. 115-015, § 402, 132 Stat. 015 (2018). Nothing in Section 402 delays the effect of this amendment to July 19, 2019. Id.

The District of South Carolina's decision in Brown, 2019 WL 1780747, does not alter this conclusion. In Brown, the pro se petitioner was "challenging the BOP's delay in calculating his sentence via good time credits under the First Step Act." 2019 WL 1780747, at *1. This challenge was based on the amendments to 18 U.S.C. § 3624(b) in Section 102 of the First Step Act, not the amendments to § 3624(c) in Section 402. See id. at *4 ("Among other things, the First Step Act 'amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year.'"). But in Brown, the court concluded that "Section 102(b)(2) of the Act provides that the amendments to § 3624(b) take effect only after the Attorney General completes the risk and needs assessment system required by Section 101(a) of the Act." Id. at *6.

Here, Robinson seeks relief based on the amendment to § 3624(c), not the amendments to § 3624(b). And unlike Section 101 of the First Step Act, Section 402 does not delay the effect of the amendment to § 3624(c). Pub. L. No. 115-015, § 402. Therefore, the

cases cited in this Court's August 13, 2019 Memorandum Opinion and order are not distinguishable on that basis. As previously concluded, this Court lacks the authority to direct the BOP to place an inmate in a halfway house under § 3624(c), as amended (Dkt. No. 181 at 2-4). Indeed, "this eligibility determination is left to the sole discretion of the BOP and is not subject to judicial review." Id. at 3 (internal citations omitted).

Accordingly, the Court concludes that Robinson's notice of appeal fails to identify or present a non-frivolous or colorable issue for appeal and, therefore, certifies that her "appeal is not taken in good faith" under Federal Rule of Appellate Procedure 24(a)(3)(A).

### III. CONCLUSION

For the reasons discussed, the Court **DENIES** Robinson's motion for leave to appeal in forma pauperis (Dkt. No. 184).

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit a copy of this Order to Robinson by certified mail, return receipt requested, and to counsel of record by electronic means.

DATED: August 29, 2019

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE