IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

           Plaintiff,

v.                              Criminal Action No. 1:17CR27-3
                                    (Judge Keeley)

BRITNEY JOYCE ROBINSON,

           Defendant.

MEMORANDUM OPINION AND ORDER
DENYING WITHOUT PREJUDICE DEFENDANT'S PRO SE MOTION
TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582 [DKT. NO. 199]

On June 4, 2020, the defendant, Britney Joyce Robinson ("Robinson"), filed a pro se motion seeking compassionate release to home confinement (Dkt. No. 199). Because Robinson has not exhausted the administrative requirements mandated by 18 U.S.C. § 3582(c)(1)(A), the Court **DENIES** her motion **WITHOUT PREJUDICE.**

## I. BACKGROUND

On May 2, 2017, a grand jury sitting in the Northern District of West Virginia returned an indictment charging Robinson with six drug-related offenses (Dkt. No. 1). Robinson pleaded guilty to Count Two, maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1), on September 1, 2017 (Dkt. Nos. 71, 73). The Court sentenced her to forty-one (41) months of incarceration and three (3) years of supervised release on May 21, 2018 (Dkt. Nos. 120). Robinson is incarcerated at the Federal Prison Camp in Alderson, West Virginia.

**USA v. ROBINSON**                                                        **1:17CR27**
**MEMORANDUM OPINION AND ORDER**
**DENYING WITHOUT PREJUDICE DEFENDANT'S PRO SE MOTION**
**TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582 [DKT. NO. 199]**

On June 4, 2020, Robinson filed the pending motion to modify her term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 199). Robinson asks the Court to modify her term of imprisonment so that she may serve the remainder of her sentence on home confinement, arguing that she has taken great strides to be rehabilitated. Id. at 1. She further argues that the novel Coronavirus pandemic ("COVID-19") is an extraordinary and compelling reason for release because the virus has "affected the Bureau of Prison inmate population." Id. To her motion, Robinson has attached seven character letters (Dkt. No. 199-1 at 1-10).

## II. DISCUSSION

Under 18 U.S.C. § 3582(c), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), the Court may not modify a term of imprisonment except in limited circumstances. Id. One circumstance, known as the compassionate release provision, permits a court to "reduce the term of imprisonment" where it finds "extraordinary and compelling" reasons for a reduction. § 3582(c)((1)(A)(i).[1] A motion for compassionate release may be

---

[1] The statute grants the Court discretion to impose a term of supervised release with a condition of home confinement that does not exceed the unserved portion of the original term of imprisonment which would, effectively, result in the relief that Robinson requests. 18 U.S.C. § 3582(c)(1)(A).

**USA v. ROBINSON**                                                     **1:17CR27**
**MEMORANDUM OPINION AND ORDER**
**DENYING WITHOUT PREJUDICE DEFENDANT'S PRO SE MOTION**
**TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582 [DKT. NO. 199]**

made by the Director of the Bureau of Prisons ("BOP") or:

> . . . the defendant after the defendant has
> fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to
> bring a motion on the defendant's behalf or
> the lapse of 30 days from the receipt of such
> a request by the warden of the defendant's
> facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

The Court must also consider the factors set forth in 18

U.S.C. 3553(a) and any applicable policy statement issued by the

United States Sentencing Commission before granting a motion for

compassionate release. Id.

Robinson admits that she has not exhausted the statute's

administrative requirement, but asks the Court to overlook that

omission "given the exigency of a rapidly advancing pandemic" (Dkt.

No. 199). Although some district courts have excused the statutory

administrative exhaustion requirement for compassionate release,

the majority have not. See United States v. Thompson, No. 2:18-cr-

00105, 2020 WL 2121371, at *2 (S.D. W. Va. May 5, 2020) (collecting

cases and finding that exhaustion exception is inappropriate

because the statute provides a 30-day alternative); United States

v. Feiling, 2020 WL 1821457, at *5 (E.D. Va. Apr. 10, 2020

(collecting cases and explaining that requiring exhaustion comports

with the statutory language and the BOP's overall position within

USA v. ROBINSON                                                    1:17CR27
**MEMORANDUM OPINION AND ORDER**
**DENYING WITHOUT PREJUDICE DEFENDANT'S PRO SE MOTION**
**TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582 [DKT. NO. 199]**

the criminal justice system); <u>United States v. Johnson</u>, 2020 WL 1663360, at *5-6 (D. Md. Apr. 3, 2020) (collecting cases and finding that federal courts may not excuse the exhaustion requirement because the statute does not identify exceptions).

Although the Fourth Circuit has not addressed the question of whether a court may excuse the administrative exhaustion requirement for compassionate release, the Sixth and Third Circuits have. <u>See</u> <u>United States v. Alam</u>, ___ F.3d ___, 2020 WL 2845694 (6th Cir. June 2, 2020); <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020).[2] In <u>Alam</u>, the Sixth Circuit found that inmates must to exhaust administrative remedies because the requirement "remains a mandatory condition." 2020 WL 2845694, at *2, 5 (dismissing compassionate release claim without prejudice due to failure to exhaust). In <u>Raia</u>, the Third Circuit denied a defendant's motion to reduce his sentence, holding that remand would be futile and describing the exhaustion requirement as "glaring roadblock foreclosing compassionate release" to a defendant who failed to exhaust his or her administrative remedies. <u>Raia</u>, 954 F.3d at 597.

---

[2] The Fifth Circuit mentioned the possibility of waiver without ruling on the issue in <u>Valentine v. Collier</u>, 2020 WL 1934431, at *8 (5th Cir. Apr. 22, 2020) (Higginson J., concurring).

**USA v. ROBINSON**                                                                **1:17CR27**
**MEMORANDUM OPINION AND ORDER**
**DENYING WITHOUT PREJUDICE DEFENDANT'S PRO SE MOTION**
**TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582 [DKT. NO. 199]**

Even assuming it has authority to excuse the administrative exhaustion requirement for a compassionate release sentence modification, the Court declines to do so. Although Congress, through the First Step Act, modified 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to bring a compassionate release motion on her own behalf, its modification clearly incorporated the administrative requirement as a prerequisite to bringing such a motion. Moreover, as other courts have observed, because the BOP has "more expertise and resources" to make compassionate release decisions, <u>Thomas</u>, 2020 WL 2121371, at *4, excusing the administrative exhaustion requirement would "fly in the face of the statutory design that provides the mechanism for compassionate release." <u>United States v. Safford</u>, No. 1:1700193, 2020 WL 3001668, at *2 (S.D. W. Va. June 4, 2020).

## III. CONCLUSION

The Court is mindful of the serious risk COVID-19 poses for prison inmates and commends Robinson for her rehabilitation efforts. She is not eligible for compassionate release, however, because she has not exhausted the administrative requirements of 18 U.S.C. § 3582(c)(1)(A). The Court therefore **DENIES** Robinson's motion **WITHOUT PREJUDICE** for a sentence modification (Dkt. No.

**USA v. ROBINSON**                                                    **1:17CR27**
**MEMORANDUM OPINION AND ORDER**
**DENYING WITHOUT PREJUDICE DEFENDANT'S PRO SE MOTION**
**TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582 [DKT. NO. 199]**

199).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit a copy of this Order

to Robinson by certified mail, return receipt requested, and to

counsel of record by electronic means.

DATED: June 15, 2020.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
